UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

H.H. Franchising Systems. Inc.,

    Plaintiff,

v.                                        Case No. 1:12cv709

Drew Klaits, *et al.*,                  Judge Michael R. Barrett

    Defendants.

**OPINION & ORDER**

This matter is before the Court upon Defendants' Motion to Dismiss. (Doc. 9). Plaintiff filed a Response (Doc. 12) and Defendants filed a Reply (Doc. 13).

**I.  BACKGROUND**

On September 18, 2012, Plaintiff H.H. Franchising filed its Complaint against Defendants Drew Klaits and Shore Help, LLC. (Doc. 1). H.H. Franchising is an Ohio corporation with its principal place of business in Cincinnati, Ohio. (Id. ¶ 1). Shore Help, LLC is a New Jersey limited liability company. (Id., ¶ 4). Drew Klaits, a New Jersey resident, is the sole member of Shore Help. (Id., ¶ 5).

This case arises out of a franchise agreement between the parties. Plaintiff has brought claims for (1) breach of contract; (2) operation of a franchise without a home care agency license; (3) refusal to adopt smart platform as required by the franchise agreement; (4) establishment of independent website as required by the franchise agreement; (5) trademark infringement; (6) an action for an accounting; and (7) unjust enrichment.

On November 8, 2012, Klaits and Shore Help filed their Answer and also filed a

Counterclaim. (Doc. 3). Defendants' counterclaims are (1) breach of the franchise agreement through establishment of a competing franchise; (2) fraud and misrepresentation; (3) negligent misrepresentation; and (4) breach of good faith and fair dealing.

On May 23, 2013, Defendants moved to dismiss all claims against them, arguing that Plaintiff failed to perfect service upon Klaits within 120 days of the filing of the Complaint and also arguing this Court does not have personal jurisdiction over Shore Help.

Subsequent to the filing of the Motion to Dismiss, on June 11, 2013, Plaintiff filed the Waiver of Service for Klaits. (Doc. 10). Therefore, to the extent that Defendants seek to dismiss Plaintiff's claims against Klaits for lack of service, the Motion to Dismiss is DENIED as MOOT. Therefore, the remaining issue is whether this Court has personal jurisdiction over Shore Help.

## II. ANALYSIS

### A. Applicable legal standards

The plaintiff bears the burden of proving personal jurisdiction exists. *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1262-63 (6th Cir. 1996). In the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). When a court considers a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) without an evidentiary hearing, the plaintiff "need only make *a prima facie* showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th

Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)) (internal citation omitted). The plaintiff can make this *prima facie* showing by "establishing with reasonable particularity sufficient contacts between [the Defendant] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). The pleadings and affidavits are to be considered in a light most favorable to the plaintiff, and dismissal is proper only if all the specific facts which the plaintiff alleges collectively fail to state a *prima facie* case for jurisdiction. *CompuServe,* 89 F.3d 1257 at 1262. The court "does not weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459. A court is not required, however, to "ignore undisputed factual representations of the defendant which are consistent with the representations of the plaintiff." *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 153 (6th Cir. 1997).

In analyzing personal jurisdiction in diversity actions, federal courts must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 909 (6th Cir. 1988). The Sixth Circuit has established a two-step inquiry to determine whether a federal district court sitting in a diversity-of-citizenship case can exercise personal jurisdiction over a defendant: (1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause. *CompuServe*, 89 F.3d at 1262; *see also Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).

There are two kinds of personal jurisdiction: general and specific jurisdiction. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) ("Jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state . . . or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum."). However, the Sixth Circuit has concluded that "under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012). Accordingly, this Court will only analyze whether specific jurisdiction exists.

B. **Forum selection clause**

Plaintiff argues that the franchise agreements at issue states that the franchisee consents to jurisdiction in the U.S. District Court for the Southern District of Ohio.[1]

"A party to a contract may waive its right to challenge personal jurisdiction by consenting to personal jurisdiction through a forum selection clause." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 11 (1972). However, the franchise agreements in this case state that the agreement is between Klaits and Plaintiff. The agreements name Klaits as the franchisee, without any mention of Shore Help. (Doc. 1-1, at 1, 44). The

---

[1]The provision in the agreement provides:

> Franchisee hereby consents and agrees that the following courts shall have personal jurisdiction over Franchisee in all lawsuits relating to or arising out of this Agreement, and hereby submits to the jurisdiction of the following courts and irrevocably waives any defense Franchisee may have of lack of personal jurisdiction in any such lawsuits filed in these courts: . . . (b) all courts of the United States of America sitting within the State of Ohio, including, without limitation, all United States District Courts within the State of Ohio.

franchise agreements are form contracts. The form provides two alternative signature lines for the franchisee. One is for "INDIVIDUAL/PARTNERSHIP FRANCHISEE(S)" and the other is for "CORPORATE/LIMITED LIABILITY COMPANY FRANCHISEE." Klaits signed as an individual on the signature line for individuals. (Id. at 37, 80). The signature line for limited liability companies is left blank. (Id. at 38, 81). While Klaits signed an addendum to one of the franchise agreements on behalf of Shore Help, the addendum says nothing about changing the parties to the original franchise agreement. Therefore, the Court concludes that Shore Help is not bound by the forum selection clause in the franchise agreement.

C. **Counterclaim**

Plaintiff argues that Shore Help consented to personal jurisdiction when they filed a counterclaim in this case.

While Rule 12(b)(2) provides for a defense based on "lack of personal jurisdiction," "[t]he requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court." *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011).

However, the Court notes that in its initial responsive pleading, Shore Help filed an Answer which included an affirmative defense based on lack of personal jurisdiction. (Doc. 3, at 24). The Court notes that the federal courts of appeals which have addressed the issue have concluded that the filing of a counterclaim, in and of itself, does not operate as a waiver to personal jurisdiction. *Neifeld v. Steinberg*, 438 F.2d 423, 428–29 (3d Cir. 1971); *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987);

*Knapp–Monarch Co. v. Dominion Elec. Corp.*, 365 F.2d 175 (7th Cir. 1966); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 n.1 (9th Cir. 1984); *Hasse v. Am. Phonograph Corp.*, 299 F.2d 666 (10th Cir. 1962); *Chase v. Pan Pacific Broad., Inc.*, 750 F.2d 131, 132 (D.C.Cir. 1984); *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1372 (Fed.Cir. 2002); *see also* 5C Wright & Miller, supra, § 1397 ("Since a defendant who is contemplating the assertion of a counterclaim always can avoid waiver by raising his defenses through pre-answer motion or by asserting his counterclaim through a pleading amendment, permitting a counterclaim to be asserted in the answer as well as by motion comports with the policy behind the federal rules of favoring substance over form."). While it appears that the Sixth Circuit has not addressed the issue, the Court concludes that Shore Help did not waive its objection to personal jurisdiction by filing a counterclaim.

D. **Ohio's long-arm statute**

Plaintiff argues Shore Help is subject to personal jurisdiction under the following provisions of Ohio's long-arm statute:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
> . . .
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>  . . .
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

6

. . .

Ohio Rev.Code § 2307.382.

The Ohio Supreme Court has explained that the "transacting business" provision of Ohio's long-arm statute "is very broadly worded and permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 481 (Ohio 1990); *see also Brunner v. Hampson*, 441 F.3d 457, 464 (6th Cir. 2006) ("[t]he term 'transacting any business' as used in . . . the statute . . . will be given broad interpretation.") (quoting *Ricker v. Fraza/Forklifts of Detroit*, 828 N.E.2d 205, 209 (Ohio Ct. App. 2005)).

Plaintiff points to the franchise agreements to support its argument that Shore Help transacted business in Ohio. However, as discussed above, the parties to the franchise agreements are Plaintiff and Klaits. Shore Help is not a party to those agreements, and therefore the agreements cannot be relied upon to show that Shore Help was transacting business in Ohio.

Plaintiff also points to a week-long training session which Klaits attended. (Doc, 12, Ex. 3, Emma Dickison Aff. ¶ 9). However, this is not a case where a corporate officer is relying upon the fiduciary shield doctrine to defeat jurisdiction. *See Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 697 (6th Cir. 2000) (explaining that as a general matter, jurisdiction over a corporate officer cannot be predicated merely upon jurisdiction over the corporation). This case presents the opposite situation: personal jurisdiction over the corporate officer but the corporate entity is challenging personal jurisdiction. This Court has previously not permitted personal jurisdiction over a corporation to be established based on the personal jurisdiction of a corporate officer.

*H.H. Franchising Systems, Inc. v. Dockter*, Case No. 1:10cv854 (Sept. 12, 2011). Plaintiff has not cited to any caselaw which would alter this Court's position.

Next, the Court finds that personal jurisdiction over Shore Help cannot be established under § 2307.382(A)(4). While Plaintiff has presented the gross revenue reported by Shore Help for the years 2005 through 2008 (Doc. 12, Ex. 4, Keith Tilley Aff.¶¶ 3-6), there is no evidence that this revenue was derived from goods used or consumed or services rendered in Ohio.

Finally, under § 2307.382(A)(6), Plaintiff argues that Shore Help might reasonably have expected that Plaintiff would be injured by its trademark infringement. The act of trademark infringement occurs in the state where the infringing product is sold or passed off and the injury occurs in the location where the plaintiff primarily does business. *Bird v. Parsons*, 289 F.3d 865, 876 (6th Cir. 2002). However, the Court finds that even if this provision of Ohio's long arm statute would support personal jurisdiction, Plaintiff cannot establish that "there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Id.* at 871.

### E. Due Process

The Ohio Supreme Court has held that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (citing *Goldstein v. Christiansen*, 638 N.E.2d 541, 545 n. 1 (1994)).

To comport with due process, an exercise of personal jurisdiction requires that a defendant "have certain minimum contacts such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v.*

*Washington*, 326 U.S. 310, 316 (1945). The Sixth Circuit has set forth a three-part analysis to determine whether jurisdiction satisfies due process concerns:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

"The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.' *CompuServe*, 89 F.3d at 1263 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp.*, 471 U.S. at 475.

Plaintiff argues that Shore Help "purposely availed" itself by coming to Cincinnati to sign the franchise agreement. However, as discussed above, it was Klaits who traveled to Cincinnati and Shore Help is not a party to the franchise agreements. Plaintiff also argues that Shore Help communicated with Plaintiff through email and telephone calls. (Dickison Aff. ¶¶ 15-28). However, Plaintiff's claims are not based upon these emails and telephone calls, and it appears that these are the only contacts Shore Help made with someone in Ohio. While Shore Help did operate a website which was accessible in Ohio, Plaintiff does not claim that the website targeted customers in Ohio. *See Oasis*

9

*Corp. v. Judd*, 132 F. Supp. 2d 612, 623 (S.D. Ohio 2001) ("As far as this Court has been able to ascertain, no federal court has ever upheld personal jurisdiction solely on the ground that the defendant's web site happened to be accessible from the forum state . . . "). Accordingly, the Court concludes that it does not have personal jurisdiction over Shore Help.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 9) is **GRANTED** as to Shore Help but **DENIED as MOOT** to the extent that Defendants seek to dismiss Plaintiff's claims against Klaits for lack of service. Shore Help is hereby **DISMISSED** without prejudice as a party from this matter based on lack of personal jurisdiction. *Accord Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006) (explaining that dismissals for lack of personal jurisdiction should be without prejudice).

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              Michael R. Barrett
                                              United States District Judge